**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 13-4429**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

TREMAINE KENDRICK JETER, a/k/a Toby,

          Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Spartanburg. G. Ross Anderson, Jr., Senior District Judge. (7:02-cr-00248-GRA-17)

Submitted: January 22, 2014      Decided: February 6, 2014

Before MOTZ and DUNCAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

David W. Plowden, Assistant Federal Public Defender, Greenville, South Carolina, for Appellant. Elizabeth Jean Howard, Assistant United States Attorney, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tremaine Jeter appeals the district court's judgment sentencing him to twenty-two months' imprisonment after revocation of his supervised release. On appeal, Jeter's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), questioning whether Jeter's revocation sentence is plainly unreasonable. Although notified of his right to file a supplemental brief, Jeter has not done so. We affirm.

The district court has broad discretion to impose a sentence upon revoking a defendant's supervised release. United States v. Thompson, 595 F.3d 544, 547 (4th Cir. 2010). Thus, we will affirm a sentence imposed after revocation of supervised release if it is within the governing statutory range and is not plainly unreasonable. United States v. Crudup, 461 F.3d 433, 439-40 (4th Cir. 2006). "[W]e follow generally the procedural and substantive considerations that we employ in our review of original sentences, . . . with some necessary modifications to take into account the unique nature of supervised release revocation sentences." Id. at 438-39.

A sentence is procedurally reasonable if the district court has considered the Policy Statements contained in Chapter Seven of the Guidelines and the applicable 18 U.S.C. § 3553(a) (2012) factors set forth in 18 U.S.C. § 3583(e)(3) (2012), Crudup, 461 F.3d at 440, and has adequately explained the

2

sentence chosen, though it need not explain the sentence in as much detail as when imposing the original sentence. Thompson, 595 F.3d at 547. A sentence is substantively reasonable if the district court states a proper basis for its imposition of a sentence up to the statutory maximum. Crudup, 461 F.3d at 440.

The district court based the sentence imposed on Jeter in part on the seriousness of the offense that led to the revocation of Jeter's supervised release and the need to provide just punishment, factors derived from § 3553(a)(2)(A), which are not factors that the district court is authorized to consider when revoking a term of supervised release under § 3583(e). However, "a district court's reference to the § 3553(a)(2)(A) sentencing considerations, without more, [does not] automatically render a revocation sentence unreasonable." United States v. Webb, __ F.3d __, __, 2013 WL 6671392, at *3 (4th Cir. Dec. 19, 2013). We conclude that the district court's consideration of these factors was substantially in conjunction with the enumerated § 3553(a) factors and, therefore, that its sentence was not plainly unreasonable. Id. In addition, we conclude that the district court sufficiently stated its reasons for imposing its release revocation sentence, which was below the statutory maximum term of imprisonment.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious grounds for appeal.

3

We therefore affirm the district court's revocation judgment. This court requires that counsel inform Jeter, in writing, of the right to petition the Supreme Court of the United States for further review. If Jeter requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jeter.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

4